UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SCHULKE, | ) | |
| | ) | No. 16 C 2563 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| STRYKER ORTHOPAEDICS, DR. DAVID, | ) | |
| HOFFMAN, M.D., AND CHICAGO | ) | |
| ORTHOPAEDICS AND SPORTS MEDICINE, S.C. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

Schulke, an Illinois resident, brought this action in the Circuit Court of Cook County seeking damages for injuries, pain, and suffering he sustained in connection with a hip replacement surgery and two revision surgeries. Specifically, Schulke alleges that device defects and negligent medical care caused him discomfort, disability, and illness, ultimately necessitating a corrective surgery to address the "significant symptoms," which included blood toxicity, vision and hearing loss, and compromised ambulation, among other injuries. Schulke named as defendants in the matter his surgeon, Dr. Hoffman, and Dr. Hoffman's medical practice, Chicago Orthopedics and Sports Medicine ("the medical defendants")—both Illinois residents—and Howmedica Osteonics Corporation,[1] the New Jersey-based manufacturer of the hip implant components used in the various surgeries.

---

[1] Defendant Howmedica Osteonics Corporation informs the Court in its Notice of Removal that it was improperly named in this matter as Stryker Orthopaedics.

1

Howmedica removed the case to this Court under 28 U.S.C. § 1332 and § 1441 on the basis that Howmedica is diverse from Schulke and damages in the matter exceed $75,000. R. 1. Simultaneously, Howmedica moved for severance and remand of Schulke's claims against the non-diverse medical defendants, the joinder of whom all parties agree divests this Court of subject matter jurisdiction. R. 2. Schulke opposed the motion to sever, R. 18, and moved to remand the case to state court, R. 17. For the reasons that follow, Howmedica's motion to sever is denied, Schulke's motion for remand is granted, and the case, in its entirety, is returned to the Circuit Court of Cook County.

**Discussion**

As the removing party, Howmedica has the burden to establish federal subject matter jurisdiction. *See Phillips v. Howmedica Osteonics Corp.*, 2007 WL 4441228, at *2 (S.D. Ill. Dec. 17, 2007) (citing *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006)). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Put another way, there is a strong presumption in favor of remand." *Id.* (quoting authority). "All doubts about the propriety of removal are to be resolved in favor of remand." *Kopitke v. Depuy Orthopaedics, Inc.*, 2011 WL 856865, at * 2 (N.D. Ill. Mar. 8, 2011) (citing *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)).

Howmedica asserts two arguments in support of its motion to sever: (1) that the defendants are misjoined under Rule 20; and (2) that because the medical

---

Plaintiff does not disagree. The Court therefore refers to the defendant in this opinion by its proper name, though the case has not been re-captioned.

2

defendants are not "indispensible parties" under Rule 19, and because Howmedica intends to assert a federal preemption defense, the Court should exercise its discretion to sever the medical defendants and retain Schulke's claims against Howmedica. Neither argument is availing.

    A.    <u>Defendants are properly joined</u>.

First, the defendants are not misjoined. Rule 20 permits joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Howmedica concedes that Schulke's complaint casts Howmedica and the medical defendants as joint tortfeasors, but disputes that the claims against them arise out of the same transaction and involve common questions of law and fact. Specifically, Howmedica asserts that:

> The claims against the Medical Defendants sound in medical negligence and what did or did not happen in office visits and the operating room. The claims against [Howmedica], on the other hand, relate to the design, manufacturing, marketing, and distribution of Plaintiffs' various implant components.

R. 3 at 11. So finely parsing Schulke's claims misses the critical point: all of Schulke's claims for relief arise out of his hip replacement and revision surgeries and the after-effects of those surgeries, allegedly as a result of medical negligence, product malfunction, or a combination of both. The extent of Schulke's injuries and what caused those injuries are questions of fact common to each of the separately alleged claims for relief. In other words, under the circumstances of this case, "the

3

medical malpractice and product liability claims are completely intertwined." *Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, (D. Md. 2011).

Howmedica asserts that "courts have frequently severed claims [for misjoinder] where, as here, the case involves concurrent claims for medical negligence against healthcare defendants and product liability claims against manufacturers." R. 3 at 10. In support, Howmedica cites to two inapposite cases severing claims for reasons not at issue here. The first case, *Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2008), severed a non-diverse, dispensable defendant "with no real connection with the dispute" who was fraudulently named by the plaintiff "for the purpose of precluding removal." *Id.* at 503-04. There is no similar allegation of fraudulent joinder to defeat diversity here. In the second case Howmedica cites, *Green v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004), the non-diverse, dispensable defendants were severed because only two of five plaintiffs had claims against them and because those two plaintiffs' claims arose from entirely separate factual circumstances. *Id.* at 683-84. By contrast, and as set forth above, Schulke's claims against the defendants arise from a single series of transactions (the hip replacement and revision surgeries) and present common questions of law and fact (such as the extent and cause of Plaintiff's damages). While Howmedica is correct that misjoinder has been found in combined medical malpractice/product defect cases, the decisions it cites are constrained to their facts, which are distinguishable from the facts of this case.

More closely analogous to this case are the myriad district court opinions holding joinder of medical and manufacturing defendants proper where, as here, the plaintiff seeks redress for damages arising from the allegedly negligent implantation or removal of an allegedly defective medical device. *See, e.g., Stephens*, 807 F. Supp. 2d at 384-85 (finding joinder proper where "the very genesis of this case is the surgery and implantation of an allegedly faulty medical device in [the plaintiff's] body," and noting that "[t]he fact that plaintiff might have to offer different evidence to establish his medical negligence and product liability claims cannot alter this analysis"); *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 499 (S.D.W.Va. 2009) ("All of these claims for relief arise out of the same occurrence: [the plaintiff's cardiac defibrillator] surgery and the after effects of that surgery . . . In this case, the medical injuries are intertwined with the claims against [the manufacturer defendant]."); *see also Wolfe v. C.R. Bard, Inc.*, 2016 WL 2956557, at *6 (D. Ariz. May 23, 2016) (finding proper the joinder of the surgeon who performed an inferior vena cava filter implant surgery with the manufacturer of the filter); *Hagensicker v. Bos. Scientific Corp.*, 2012 WL 836804, at *3 (W.D. Mo. Mar. 12, 2012) (finding "a reasonable basis to join the treating healthcare defendants with the product manufacturer" in an action for damages arising from the implantation of three pelvic mesh products). This Court follows suit.

B.  Discretionary severance is not warranted.

Alternatively, Howmedica argues that the Court should exercise its discretion under Rule 21 to sever the claims against the medical defendants because

5

the medical defendants are not "persons required to be joined" under Rule 19 and because of the "important and substantial interest in having a federal court" decide "complex federal preemption issues." R. 3 at 1; R. 19 at 3. The Court agrees with Howmedica that the medical defendants are not indispensible under Rule 19. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit . . . [A] tortfeasor with the usual joint-and-several liability is merely a permissive party to action against another with like liability.") (internal punctuation and citations omitted); *see also Ropp v. Stryker Corp.*, 2011 WL 304770, at *4-5 (S.D. Ind. Jan. 6, 2011). Thus, the medical defendants may be severed at the Court's discretion, provided severance is "on just terms." Fed. R. Civ. P. 21 ("the court may at any time, on just terms . . . drop a party"); *see also Dexia Credit Local v. Rogan*, 2009 WL 230641, at *3 (N.D. Ill. Jan. 29, 2009) ("Courts may use Rule 21 to dismiss a dispensible non-diverse party to save diversity jurisdiction"); *Livingston v. Hoffman-LaRoche, Inc.*, 2009 WL 2448804, at *6-7 (N.D. Ill. Aug. 6, 2009) (emphasizing that severance of dispensible parties is only permissible "on just terms"). The "authority to dismiss a dispensable nondiverse party . . . should be exercised sparingly," with careful consideration for any prejudice severance may cause to parties to the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989).

Severance here would not be just. In separate actions, the defendants could exploit an "empty chair" defense not available in a joint trial. *See Tinsley v. Streich,*

*MD,* 2015 WL 7009488, at *9 (W.D. Va. Nov. 12, 2015). Although it is possible that each jury could find the defendants jointly and severally liable, it is also possible that a jury could find in favor of each in-court defendant, thus exposing Schulke to the risk of inconsistent judgments and incomplete recovery. *See Echols v. Omni Med. Grp., Inc.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okl. 2010). Severance would also require Schulke to litigate on two fronts in two separate courts with duplicative discovery and all the cost and delay that entails. *See Bostic v. Glaxosmithkline*, 2015 WL 84868181, at *2 (E.D. Ky. Dec. 9, 2015). The overlap between the two cases would mean that Schulke would have to double its efforts. *See Johnson v. Bartley*, 2015 WL 5612251, at *2 (E.D. Ky. Sept. 21, 2015). Given the prejudice to Schulke of severance, the Court declines to exercise its discretion under Rule 21.

The Court recognizes that there are a handful of cases severing medical defendants to retain diversity jurisdiction, and Howmedica cites extensively to one of them, *Mayfield v. London Women's Care PLLC*, 2015 WL 3440492 (E.D. Ky. May 28, 2015), in its briefs. Unlike this case, however, the manufacturer defendant in *Mayfield* was already defending a multidistrict litigation regarding the product defects alleged in the plaintiff's complaint. Under those circumstances, the district court found that justice favored severance so that the product liability claims could be transferred to the consolidated multidistrict action. *Id.* at *5 (noting that if the product claims were severed, "[t]he cost and burden of litigating against [the manufacturer] would drop considerably, and Plaintiffs' ability to potentially negotiate a settlement would be greatly enhanced"); *see also Sullivan v. Calvert*

7

*Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) ("Severance is particularly appropriate in this case because it would allow for the transfer of [the plaintiff's] claims against [the manufacturer defendant] to multi-district litigation currently pending . . . where over 25,000 products liability cases based on the [medical device in issue] are being litigated."). There is no multidistrict litigation regarding the component parts at issue in this case, so the efficiencies noted in *Mayfield* and *Sullivan* would not be achieved by severing the defendants here. In summary, then, the cases Howmedica relies upon to support discretionary severance turn on policy considerations not present in this case. Accordingly, they are not persuasive.

Nor does fact that Howmedica intends to assert a federal preemption defense weigh in favor of severance. Howmedica does not cite any district court opinions severing a non-diverse defendant because a diverse defendant asserted a preemption (or other federal law) defense. This is likely because state courts routinely consider federal preemption, including preemption under the Medical Device Amendments to the Federal Drugs and Cosmetics Act at issue here. *See, e.g., Haudrich v. Howmedica*, 662 N.E.2d 1248 (Ill. 1996). Howmedica's concern for a consistent corpus of federal preemption case law is thus overstated. Federal preemption law applies, and can be applied properly, no matter what court the case is heard in, whether state or federal.

Finally, a plaintiff is generally the master of his complaint and can choose who he wants to sue (subject to rules of joinder of necessary parties) wherever there is jurisdiction to sue them. *See Bostic*, 2015 WL 84868181, at *2 (citing *Lincoln*

8

*Prop. Co. v. Roche,* 546 U.S. 81, 91 (2005)). Here, Schulke chose to sue all defendants together in state court. There was no fraudulent or bad faith joinder of a plainly irrelevant party for the sole purpose of destroying diversity. The defendants are properly joined here and severing them would be prejudicial to Schulke's case, both logistically and substantively. There is no thus good reason to contravene Schulke's choice of parties and forum.

## Conclusion

For these reasons and for the reasons stated orally in open court, Howmedica's motion to sever, R. 2, is denied and Schulke's motion for remand, R. 17, is granted. The case shall be returned to the Circuit Court of Cook County. Defendant's motion to dismiss, R. 10, is denied as moot.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 31, 2016